People v Sealey (2025 NY Slip Op 00350)

People v Sealey

2025 NY Slip Op 00350

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

113185
[*1]The People of the State of New York, Respondent,
v
Kyante Sealey, Appellant.

Calendar Date:January 3, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Catherine A. Barber, Guilderland, for appellant.
Lee C. Kindlon, District Attorney, Albany (Michael Connolly of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered March 19, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) from a judgment of said court, rendered March 19, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of two indictments and other pending charges, defendant pleaded guilty to two counts — one count from each indictment — of criminal possession of a weapon in the second degree and agreed to waive his right to appeal. Consistent with the agreed-upon sentencing range, County Court sentenced defendant to concurrent prison terms of 12 years, to be followed by five years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of his right to appeal is invalid. To that end, County Court explained the separate and distinct nature of the waiver of the right to appeal from the rights forfeited by his guilty plea, advised defendant that it encompassed most, but not all, claims of errors, and explicitly identified various rights that survived — all of which defendant acknowledged he understood. Despite also executing a written waiver that this Court has previously found to contain overbroad language (see People v Smith, 232 AD3d 942, 942 [3d Dept 2024]; People v Ellis, 229 AD3d 1006, 1006-1007 [3d Dept 2024]), the oral colloquy cured any defect therein. Contrary to defendant's contention, we find that the record is sufficient to demonstrate that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Smith, 232 AD3d at 942-943; People v Darling, 229 AD3d 907, 908 [3d Dept 2024], lv denied 42 NY3d 1035 [2024]; People v Taylor, 228 AD3d 1144, 1145 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]). In addition, defendant's contention that the appeal waiver does not encompass a challenge to the severity of the sentence imposed because he was not informed of the potential maximum sentence exposure is belied by the record. Accordingly, the valid appeal waiver precludes any challenge to the perceived severity of the sentence (see People v Patterson, 228 AD3d 1138, 1139-1140 [3d Dept 2024]; People v Miller, 227 AD3d 1232, 1233 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]).
Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgments are affirmed.